J-S45044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL POWELL, | |
| Appellant | No. 172 WDA 2016 |

Appeal from the Order Entered January 6, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001558-1989
CP-65-CR-0001559-1989
CP-65-CR-0002580-1988

BEFORE:  OLSON, DUBOW AND PLATT,* JJ.

CONCURRING MEMORANDUM BY OLSON, J.:        **FILED AUGUST 18, 2016**

I agree with the learned Majority that the PCRA court properly treated Appellant's motion to vacate sentence as a serial PCRA petition and that the PCRA court correctly dismissed the untimely petition for failure to plead and prove the applicability of a timeliness exception.  **See** 42 Pa.C.S.A. § 9545. I write separately to address the learned Majority's conclusion that "[b]ecause there was not a PCRA [petition] pending in an appellate court at the time Appellant filed the instant petition, the PCRA court had jurisdiction to review it under [**Commonwealth v. Porter**, 35 A.3d 4, 12-13 (Pa. 2012)]."  Majority Memorandum, **ante** at 5 n.3.

In **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), our Supreme Court held that "a subsequent PCRA petition cannot be filed until the

---

*Retired Senior Judge assigned to the Superior Court.

resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Id.* at 588. Our Supreme Court reasoned that a second proceeding cannot be instituted while another of the same type is already pending. *Id.* Stated in other words, the pendency of an earlier petition divests all other state courts of jurisdiction to hear a second or subsequent petition until there is a final resolution of the pending matter. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1125 n.7 (Pa. 2005). Where a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of an earlier PCRA petition, his or her "only option is to raise it within a second PCRA petition filed within [60] days of the date of the order that finally resolves the [pending] PCRA petition[.]" *Commonwealth v. Steele*, 961 A.2d 786, 808-809 (Pa. 2008).

The learned Majority finds that the pendency of Appellant's 1995 PCRA petition has no jurisdictional effect on the current petition. The authority cited by the learned Majority, however, does not address or resolve the jurisdictional question. The learned Majority cites *Porter*, which held that the pendency of a PCRA petition that was held in abeyance, at the request of the petitioner, did not divest the PCRA court of jurisdiction to consider a serial PCRA petition filed in order to satisfy the Antiterrorism and Effective Death Penalty Act's state court exhaustion requirement. *Porter*, 35 A.3d at 12-15. Our Supreme Court's holding in *Porter*, however, was limited as it

stated that "*Lark* does not speak to the PCRA court's authority in situations like this one, where no appeal was pending, **and** where a prior petition was set aside, in accordance with the petitioner's demand that it not be decided." *Id.* at 14 (emphasis added). Thus, *Porter* did not broadly hold that, in general, a PCRA court has jurisdiction over a second PCRA petition filed during the pendency of a first PCRA petition. Instead, *Porter* merely held that the pendency of a PCRA petition did not affect the PCRA court's jurisdiction to consider a subsequent PCRA petition in a case where no PCRA appeal was pending and a prior petition was being held in abeyance at the petitioner's request.

Neither our Supreme Court nor this Court has directly addressed whether *Porter* announced a new general rule or whether it announced a narrow exception to *Lark*. In other words, no reported decision in this Commonwealth has considered whether, in light of *Porter* and *Lark*, a PCRA court ordinarily has the ability to consider a serial PCRA petition (either timely or untimely) when a separate PCRA petition is pending before the PCRA court as opposed to pending on appeal as in *Lark*. My review of the unpublished memoranda of this Court indicates that approximately one-half of the time when the issue presents itself, this Court determines that *Lark* bars a PCRA court from considering a serial PCRA petition when a separate PCRA petition is pending before the PCRA court. *E.g.*, *Commonwealth v. Hardy*, 2015 WL 7737688, *6 (Pa. Super. Dec. 1, 2015) (unpublished

memorandum); ***Commonwealth v. Davis***, 2015 WL 7594015, *3 (Pa. Super. Nov. 25, 2015) (unpublished memorandum). In other cases, this Court holds that ***Porter*** permits consideration of a serial PCRA petition when a separate PCRA petition is pending before the PCRA court. ***E.g., Commonwealth v. Walton***, 2015 WL 8197240, *1 n.2 (Pa. Super. Dec. 8, 2015) (unpublished memorandum); ***Commonwealth v. Williams***, 2013 WL 11253327, *6 (Pa. Super. Oct. 29, 2013) (unpublished memorandum).

I believe that this is an important issue that warrants the attention of this Court sitting *en banc*. I do not believe, however, that this is the appropriate vehicle to consider the issue. As I believe full briefing and argument is necessary to reach an informed decision, I decline to offer any analysis on the issue. I simply write to note the divergent approaches that have emerged on this Court and to urge my colleagues to address the issue when the appropriate vehicle presents itself.

Accordingly, I respectfully concur.

Judge Dubow joins this Concurring Memorandum.